FILED
United States Court of Appeals
Tenth Circuit

May 18, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

KEENAN D. WHITE, SR.,

      Plaintiff-Appellant,

v.

MIKE MULLINS; MARTY SIRMONS,
Warden; KAMERON HARVONEK,
Deputy Warden; RICK CAYWOOD,
Chief; JOHN KLINK; CURTIS HOOD,
Major; DARYL WILSON,

      Defendants-Appellees.

No. 11-7030
(D.C. No. 6:07-CV-00085-FHS-SPS)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, **BALDOCK**, and **GORSUCH**, Circuit Judges.

Keenan White, an Oklahoma state prisoner, brought this lawsuit against

various prison officials under 42 U.S.C. §1983. In it, he alleged that prison officials

facilitated an attack on him by another prisoner and unreasonably delayed medical

treatment. At summary judgment, the defendants argued (among other things) that

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. White had failed to exhaust his administrative remedies. The motion was supported by a prison manager's affidavit stating that, while the prison had records of multiple complaints by Mr. White, those same records showed he had failed to exhaust any of them through grievance processes available to him. In response, Mr. White submitted his own affidavit claiming that "copies of [his] grievance documents were removed from [his] possession." Finding Mr. White's affidavit conclusory, the district court granted summary judgment to the defendants, reasoning that there was no genuine issue of fact about Mr. White's failure to exhaust his administrative remedies. *See* 42 U.S.C. § 1997e(a). It is that ruling Mr. White, represented by counsel, now appeals.

We agree with the district court that Mr. White's affidavit is conclusory and fails to raise a genuine issue of fact. Mr. White's affidavit says that copies of certain unspecified filings were taken from him. But it doesn't say that prison guards took away materials he was intending to file, thus precluding him from exhausting his claims. Neither does it provide any facts suggesting that prison officials engaged in a conspiracy to destroy documents they received from him that might show he fully exhausted the grievance process. If anything, the only evidence in the record is to the contrary: the prison manager's affidavit details multiple grievance documents from Mr. White and explains that he failed to pursue any of them to completion. Beyond its conclusory assertions, then, the facts in Mr. White's affidavit suggest at most only that copies of what he did file were taken from him, not that what he filed was

sufficient to exhaust his administrative remedies.  The district court was correct that a reasonable factfinder could not find otherwise and that Mr. White's assertion of exhaustion is just that, an assertion unsupported by facts or even any allegations of fact. *See Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991) ("conclusory and self-serving affidavits are not sufficient" to overcome summary judgment).

Because we agree with the district court's assessment on this score, it is unnecessary for us to address the defendants' alternative argument that genuine issues of fact regarding exhaustion of administrative remedies may be resolved by the court rather than being left to the trier of fact.

Entered for the Court


Neil M. Gorsuch
Circuit Judge